UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RIPOLL                                           CIVIL ACTION

VERSUS                                           NO: 13-6143

DOBARD, ET AL                                    SECTION: **"J"** (3)

ORDER & REASONS

Before the Court is Defendants Patrick Dobard and the Louisiana Department of Education through the Recovery School District (collectively, "LDOE")'s **Motion for Summary Judgment (Rec. Doc. 19)** and Plaintiff Josette M. Ripoll ("Ms. Ripoll")'s opposition thereto. (Rec. Doc. 20) Defendants' motion was set for hearing on April 9, 2014, on the briefs; and this matter is set for a bench trial on May 19, 2014.  Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that Defendants' motion should be **GRANTED IN PART AND DENIED AS MOOT IN PART** for the reasons set forth more fully below.

FACTS AND PROCEDURAL BACKGROUND

This matter arises from Ms. Ripoll's claims for age

1

discrimination under 29 U.S.C. § 623 ("ADEA") and her state law claims for breach of contract. Ms. Ripoll, a 61-year-old educator, was employed as the principal of H.C. Schaumburg Elementary School ("Schaumburg")[1] in New Orleans from 2007 to 2012. Prior to her position as principal of Schaumburg, Ms. Ripoll was the principal of Sarah T. Reed Elementary School, which is another Recovery School District ("RSD") school in New Orleans, for the school year of 2006-2007. (Rec. Doc. 19-2, p. 8) At the end of the 2011-2012 school year, after an evaluation by Monica Boudouin and following a hearing with the RSD Chief of Staff, Ms. Ripoll was removed from her position as principal of Schaumburg. Ms. Ripoll was offered a position as a classroom teacher; however, she did not accept this position and formally resigned in August 2012. Ms. Ripoll was replaced by Ms. Taylor Alston, a 33-year-old educator who, prior to the Schaumburg position, had not served as a principal before.

Ms. Ripoll filed suit in the Civil District Court for the Parish of Orleans in July 2013. LDOE removed the action to this Court on October 14, 2013, and filed the instant motion for summary judgment on March 27, 2014 wherein it asks the Court to grant summary judgment in its favor on Ms. Ripoll's ADEA claims

---

[1] LDOE operated Schaumburg through the Recovery School District.

and on her state law breach of contract claims. Ms. Ripoll filed an opposition to the motion on April 7, 2014.

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing F<small>ED</small>. R. C<small>IV</small>. P. 56(c)); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co., 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. Little, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." Delta, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed

3

verdict if the evidence went uncontroverted at trial.'" Int'l Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." Id. at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. See Celotex, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. See id. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. See, e.g., id. at 325; Little, 37 F.3d at 1075.

## DISCUSSION

**A. ADEA Claims**

To establish a *prima facie* claim under the ADEA, a plaintiff must prove four elements: (1) that she is a member of the class that the ADEA protects; (2) that she was qualified for the

position; (3) that she suffered an adverse employment action; and (4) that she was replaced by someone younger. Vasquez v. El Paso County Cmty. Coll. Dist., 177 F. App'x 422, 424 (5th Cir.2006). If the plaintiff can establish a *prima facie* case, the burden of production (but not of persuasion) shifts to the defendant to state a legitimate, nondiscriminatory reason for the adverse employment action.[2] Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142 (2000). To prevail, the plaintiff must then prove that the employer's stated reason is merely a pretext for age discrimination. Id. at 143. "A plaintiff may show pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or unworthy of credence."Jackson v. Cal-W. Packaging Corp., 602 F.3d 374, 378-79 (5th Cir. 2010) (internal citations omitted). "Plaintiff retains the burden of persuasion to establish that age was the "but-for" cause of the employer's adverse action." Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 177 (2009) (ADEA claim fails even if "plaintiff has produced some evidence that age was one motivating

---

[2] Though the United States Supreme Court has rejected the premise that burden of persuasion in ADEA cases shifts as it does in Title VII cases, the Fifth Circuit continues to apply the McDonnell *Douglass* burden shifting framework until the Supreme Court promulgates a definitive opinion stating that the McDonnell Doulgass analysis does not apply. Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 180 (2009); Jackson v. Cal-Western Packaging Corp., 602 F.3d 374, 378 (5th Cir. 2010).

factor in that decision.")

Here, even drawing all inferences in favor of the Plaintiff and assuming without deciding that Ms. Ripoll can establish a *prima facie* case, Ms. Ripoll ADEA claims must be dismissed because she cannot prove that her age was the but-for cause for LDOE's decision to remove her as principal of Schaumburg. LDOE contends that Ms. Ripoll was removed from her position as principal because her school's performance had stagnated and for other performance-based reasons. Ms. Ripoll offers three different explanations for her firing. First, she alleges that Sametta Brown of the LDOE told her that she was discharged on account of her age. ( Rec. Doc. 20, p. 7) Ms. Ripoll also alleges, however, that Ms. Boudouin told her that she was discharged because of her school's test scores. (Rec. Doc. 20, p. 7) Finally, Ms. Ripoll argues in her opposition to the instant motion that her termination was based on political reasons and the LDOE's desire to replace older, local professionals with young, out-of-state personnel. (Rec. Doc. 20, p. 4)

It is clear that, when Plaintiff alleges that she was offered three reasons to justify her removal, it cannot be said that age was the "but-for" cause of LDOE's decision. As to the performance-based reasons, Ms. Ripoll contends that LDOE's assertions are not legitimate reasons for the adverse employment

action because, on her evaluation, she received a "proficient" rating in the category of "teaching and learning," and because the 2012 final test scores were not released until several months after LDOE removed Ms. Ripoll from her principal position. Initially, the Court must note that the dates regarding the final test scores are not instructive because Ms. Ripoll claims the test scores at issue were the *2011* scores, but then takes issue with the fact that the *2012* scores were not available until after she lost her position. (Rec. Doc. 20, p. 7) Even assuming that this was a typographical error, Ms. Ripoll provides no support for these allegations, thus they carry no weight. And, as to the evaluation, the Court does not find there to be an issue of material fact based on one factor in one evaluation. Therefore, Plaintiff cannot meet her burden of proving that the LDOE's offered reasons are pretext. And, even if the Court were to accept the proposition that this reason was pretext, the Court is still left with two reasons for firing–age and political strategy–thus age could not have been the but-for cause of LDOE's decision. Accordingly, summary judgment must be granted in favor of the LDOE on Ms. Ripoll's ADEA claim.

### B. State Law Breach of Contract Claims

In light of the dismissal of Ms. Ripoll's ADEA claims, the Court finds that her state law breach of contract claims should

be remanded to state court. 28 U.S.C. § 1367 (Court may decline to exercise supplemental jurisdiction over state law claims when all federal claims have been dismissed.); <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 357 (1988)("a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate."); <u>Welch v. Jannereth</u>, 496 F. App'x 411, 414 (5th Cir. 2012) ("Remanding state claims to a state court certainly satisfies interests of federalism and comity" where the case had only been pending in federal court for one year and very few filings had been made.)

    Accordingly,

    **IT IS ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED** as it relates to Plaintiff's ADEA claims arising under 29 U.S.C. § 623.

    **IT IS FURTHER ORDERED** that Plaintiff's state law claims are **REMANDED** to Civil District Court for the Parish of Orleans.

    **IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment is **DENIED AS MOOT** as it relates to Plaintiff's state law claims.

New Orleans, Louisiana this 9th day of April, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE